**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **ROLLING R GOLF CARS, LLC,** | ) | Case No. 13 B 04436 |
| | ) | |
| Debtors. | ) | Honorable Donald Cassling |

**FINAL AGREED ORDER REGARDING THE INTERIM USE OF
CASH COLLATERAL AND ADEQUATE PROTECTION**

Rolling R Golf Cars, LLC (the "Debtor") and State Bank of Herscher ("SBHR"), for their Sixth Agreed Interim Order Regarding the Use of Cash Collateral and Adequate Protection, agree and state as follows:

1. On February 5, 2013 (the "Commencement Date"), the Debtor filed its chapter 11 bankruptcy petition, thus commencing the above-captioned bankruptcy case (the "Case").

2. As of the Commencement Date, SBHR asserts and Debtor acknowledges that Debtor was indebted to SBHR in an amount in excess of $2,000,000.00 pursuant to the terms and provisions of a Promissory Note in the principal balance of $1,000,000.00 evidencing a Line of Credit in that amount (the "LOC obligation") and a Promissory Note in the original principal amount of $1,555,694.80 evidencing a Term Loan in that amount ('the Term Loan") (The LOC obligation and the Term Loan constitute the "SBHR Indebtedness").

3. As security for Debtor's payment of the SBHR Indebtedness, the Debtor granted to SBHR first priority security interest in and a lien upon all of Debtor's inventory and accounts, and any rents, revenues and proceeds there from (the "SBHR Collateral") pursuant to the terms and provisions of security agreements dated July 15, 2009 and a security agreement dated October 29, 2003. The security interest of SBHR in the SBHR Collateral was perfected by the filing of a UCC-1 with the Illinois Secretary of State on July 23, 2009 as Document No. 014479384.

4. Debtor and SBHR agree that any and all cash received by Debtor in the normal and ordinary operation of Debtor's business, both before and after the Commencement Date, and from all sources, constitutes cash collateral (the "Cash Collateral") in which SBHR has an interest and that pursuant to § 363 of the Bankruptcy Code the Debtor must obtain SBHR's consent or a court order to use the Cash Collateral. Debtor believes it has an obligation, pursuant to §§ 361 and 363 of the Bankruptcy Code, to provide adequate protection to SBHR for the use of the Cash Collateral and for the use of the machinery, equipment, parts and vehicles in the operation of the Debtor's business.

5.      Notwithstanding the foregoing paragraph, funds transferred to the Debtor but not as the result of the operations of the Debtor's business or the sale of Debtor's assets are not Cash Collateral.

THEREFORE, based on the foregoing and the agreement of the Debtor and SBHR, and intending to be legally bound, Debtor and SBHR do hereby agree, and the Court ORDERS as follows:

A  Deposit of Cash and Bank Account Structure. All cash in Debtor's possession, under its control, or received by it hereafter, including the Cash Collateral, shall, if it has not already been, be deposited immediately in Debtor's debtor-in-possession bank account (the "Cash Collateral Account") at SBHR (the "DIP Bank"), and Debtor shall arrange, to the extent possible, for the ability to view all activity in the Cash Collateral Account *via* a secure connection over the internet to any secured party who requests it. Except for the Cash Collateral Account and other accounts established at the DIP Bank with the approval of the United States Trustee's office, Debtor shall maintain no other bank accounts, without an order from the Court obtained after appropriate notice and opportunity for a hearing to all secured parties.

B.      Replacement Liens. As partial adequate protection for Debtor's post- petition use of Cash Collateral and its machinery, equipment, parts and vehicles, without prejudice to any party requesting additional adequate protection, and *nunc pro tunc* as of the Commencement Date, the Court hereby grants, ratifies and confirms Debtor's grant to SBHR duly-perfected security interests in and liens on and against the Cash Collateral, the property constituting the Collateral, and any proceeds therefrom, wherever located, and whether presently owned or hereafter acquired of the same type, scope and priority as in existence on the Commencement Date; Said adequate protection shall continue to, in part, secure the debts to SBHR, and any diminution in value of or any depletion in the amount of the Collateral that may occur during the Case and through use of the Collateral. No other document or filing shall be necessary to create, perfect, or enforce the replacement liens granted hereunder.

C.      Payments. As partial additional adequate protection for Debtor's post- petition use of the Collateral and the Cash Collateral, Debtor has previously paid to SBHR the sum of $10,000.00 for the month of April 2013, and the sum of $20,000.00 for the months of May, June, July, August, September and October 2013. The Debtor and SBHR agree that all payments made pursuant to this Order shall be applied towards any amount due to SBHR under the agreement which has been reached between the Debtor and SBHR under which the SBHR Indebtedness is to be compromised and / or settled.

D.      Use of Cash Collateral/Reports. Debtor shall use Cash Collateral solely in

the ordinary course of business and solely in accordance with the Budget, attached hereto as Exhibit A and hereby incorporated and made a part hereof by this reference. In addition, upon request, Debtor shall provide bi-weekly reports to SBHR detailing actual cash received and spent in comparison to the Budget. In addition, Debtor shall continue to file Monthly Operating Reports on or before the 21st day of each month which reports will include at a minimum an income statement and sources and uses of cash for the previous calendar month.

  E. Insurance. Debtor shall maintain current levels of insurance; shall not cancel, change, or otherwise take any action to impair, void, or otherwise adversely affect any insurance policy; and shall promptly notify any affected secured party of any insurance loss, claim, or other material event involving any insurance policy. If and to the extent Debtor has not already named any secured party as a loss payee on a relevant insurance policy, Debtor shall complete the process of doing so within seven days after request from any secured party.

  F. Taxes. Debtor shall timely pay all taxes that accrue after the Commencement Date, including but not limited to payroll taxes, real estate taxes, personal property taxes, and sales taxes.

  G. Access to Records/Inspections. At reasonable intervals and upon reasonable request by any secured party, Debtor will provide: (a) access to, and an opportunity to copy, any and all non-privileged information in Debtor's possession or control regarding the operation of its business, including, without limitation, its books, records, operations and assets; and (b) an opportunity for SBHR to inspect their collateral.

  H. Term and Termination of this Order.

   a. This Order shall continue in effect until the earlier of: (i) a breach of any provision contained herein by the Debtor; or (iii) the confirmation of a plan in this Case. The Order may also be terminated by a subsequent Order of this Court after appropriate notice and opportunity for a hearing to all parties in interest.

   b. If Debtor breaches any provision of this Order, the Order shall be deemed terminated, Debtor's right to use the Cash Collateral shall immediately cease, and SBHR shall be permitted to obtain an emergency hearing and seek relief from the automatic stay of § 362 of the Bankruptcy Code to enforce its rights and remedies in any collateral (the "Emergency Hearing").

   c. In the event the Emergency Hearing is scheduled (as set forth in the preceding subsection), Debtor shall be required, under § 362 of the Bankruptcy Code, to (i) offer into evidence detailed and admissible proof that it has a reasonable probability of confirming a plan within a reasonable period time; and (ii) offer into evidence additional

detailed and admissible proof of how Debtor can adequately protect each secured creditor under § 362(d)(1).

I.      Reservation of Rights. Nothing in this Order shall be deemed to waive, alter, impair or otherwise affect any rights, claims or defenses of Debtor or any other party in interest, all of which are hereby reserved and preserved. Without limiting the generality of the foregoing, any party may separately pursue relief from the automatic stay, additional adequate protection, or any other rights, claims, or defenses that arose before or after the Commencement Date against Debtor, any guarantor, or any other party. In addition, nothing in this Order shall be deemed to obligate SBHR to advance any funds or provide any other financial accommodation to or for the benefit of Debtor, other than as set forth in this Order.

J.      Binding Effect. This Order shall be binding upon the Debtor and all other parties in interest, their successors and assigns, including but not limited to any subsequent Chapter 7 or Chapter 11 trustee.

K.      Modification of Automatic Stay. The automatic stay of 11 U.S.C. § 362 shall be deemed modified to the extent necessary to effect the provisions of this Order.

L.      Modification of this Order. Any modification of this Order shall be made only upon a separate Order of the Court, after appropriate notice and opportunity for a hearing to all parties in interest. Moreover, no future modification, termination, stay, or other alternation of this Order, or dismissal or conversion of this case, shall retroactively vacate, terminate, avoid, subordinate, or otherwise affect any actions, rights, claims or obligations, including but not limited to adequate protection payments, replacement liens, or covenants that occurred prior to or are in effect as of such action.

M.      Notice of Entry. Within three days after entry of this Order, Debtor's counsel shall arrange to serve a copy of this Order by mail on all creditors and parties in interest who do not receive electronic notice of this Order, and shall certify same by filing a certificate of service with this Court.

IN WITNESS WHEREOF, the attorneys for Debtor and the below secured party enter into this Final Agreed Order on behalf of their respective clients as of April 29, 2014.

SO ORDERED this _____ day of April, 2014

_____
United States Bankruptcy Judge

AGREED:

By: /s/ Brian M. Graham

Brian M. Graham (ARDC No. 6243015)
7634 Lakeside Drive
Frankfort, IL 60423 Cell: 312/909-3322
bmgrahampack@sbcglobal.net

ATTORNEY FOR DEBTOR


By: /s/ Joel A. Stein
Joel A Stein (stein@dlec.com) (ARDC No. 3122304)
Emily N. Masalski (rnasalski@dlec.com) ARDC No. 6290142)
Lauren H. Lukoff (llukoff@dlec.com) (ARDC No. 6297069)
Deutsch, Levy & Engel, Chartered
225 West Washington Street, Suite 1700
Chicago, Illinois 60606
(312) 346-1460

ATTORNEYS FOR STATE BANK OF HERSCHER